UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06-CV-1296 (CEJ) |
| ) | |
| FIRST PREFERENCE MORTGAGE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

This matter is before the Court on plaintiff's motion [#34] to conduct limited jurisdictional discovery and for an evidentiary hearing. Defendants Citizens Mortgage Corporation and David Mann have both responded and resist the motion. Defendant First Preference Mortgage Corporation has not responded.

**I. Background**

Plaintiff brings suit against defendants First Preference Mortgage Corporation ("First Preference"), Citizens Mortgage Corporation ("Citizens"), and David Mann. Plaintiff alleges that First Preference breached multiple contracts by selling defective and uninsurable loans and failing to cure those defects. Plaintiff claims that First Preference's assets were fraudulently transferred to Citizens in order to leave First Preference unable to satisfy its obligations to plaintiff. Plaintiff also claims that defendant Mann, as the President and Chairman of First Preference, orchestrated the fraudulent transfer.

While defendant First Preference filed an answer to plaintiff's complaint, defendants Citizens Mortgage and David Mann

each filed a motion to dismiss for lack of personal jurisdiction. After initially filing responses in opposition to defendants' motions, plaintiff subsequently filed the motion presently before the Court. Plaintiff requests that the Court allow limited discovery on the jurisdictional issue prior to ruling on the motions to dismiss. Plaintiff also requests that the Court hold an evidentiary hearing following jurisdictional discovery.

Plaintiff believes that jurisdiction is proper because Citizens is simply an alter ego of First Preference, and that both are effectively controlled by defendant Mann. Plaintiff notes that defendant Mann is not only the President of First Preference, but also the President, CEO, and Vice-Chairman for Citizens' parent company, Citizens State Bank ("CSB"). CSB, in turn, is owned by RAM Security Holdings GP, Inc. and RAM Security Holdings, Ltd., both of which, plaintiff claims, have defendant Mann as a general partner. Further, plaintiff alleges that Citizens has many of the same employees, officers, and assets as First Preference, and operates out of the same location as First Preference. Although Citizens was incorporated several years ago, plaintiff states that it had been dormant before June 2006, when it began conducting the same business that First Preference previously conducted.

Plaintiff argues that limited discovery is proper because many of the facts surrounding the alleged alter ego relationship are uniquely within the defendants' knowledge. Plaintiff claims that, absent limited jurisdictional discovery, he has no access to much of the information needed to verify his jurisdictional allegations.

## II. Discussion

The decision whether to grant jurisdictional discovery is committed to the discretion of the district court. See Lakin v. Prudential Securities, Inc., 348 F.3d 704, 713 (8th Cir. 2003)(applying abuse of discretion standard in reviewing the denial of jurisdictional discovery). There is no abuse of discretion in denying jurisdictional discovery where a plaintiff offers only conclusory or speculative allegations. See Dever v. Hentzen Coatings, Inc., 380 F.3d 1070 (8th Cir. 2004). Indeed, "[i]n order to be entitled to discovery, plaintiff is required to have alleged facts in the petition, which, if true, establish jurisdiction." Mello v. Giliberto, 73 S.W.3d 669, 673 (Mo. App. E.D., 2002). This is to ensure that discovery does not "allow plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." Gear, Inc. v. L.A. Gear California, Inc., 637 F.Supp. 1323, 1328 (S.D.N.Y. 1986). However, when it is clear from the complaint that the defendants are in some way interrelated, it may assist the jurisdictional analysis to "allow plaintiff a reasonable discovery regarding the relationships among the various defendants." Id. at 1329.

In the Court's view, limited discovery in this instance would be appropriate. Plaintiff has made sufficiently specific allegations in his complaint to raise a genuine question of jurisdiction. A company may be subject to personal jurisdiction to the same extent as its alter ego. See Epps v. Stewart Information Services Corp., 327 F.3d 642, 649 (8th Cir. 2003). "The question

is whether the corporations are being manipulated through their interrelationship to cause illegality, fraud, or injustice." Terre Du Lac Ass'n, Inc. v. Terre du Lac, Inc., 737 S.W.2d 206, 218 (Mo. App. E.D. 1987).  It is clear from the complaint that defendants Citizens Mortgage and David Mann are in some way interrelated to defendant First Preference.  If those relationships and transactions are, as plaintiff claims, designed to facilitate fraud, or are otherwise relevant to the contracts at dispute in this matter, then personal jurisdiction over defendants Citizens Mortgage and David Mann may be appropriate. Thus, the jurisdictional analysis would benefit from limited discovery focusing on the relationships and transactions between all of the defendants.

Discovery will be limited in scope to facts relevant to the jurisdictional issue.  The parties shall confer and submit a joint jurisdictional discovery plan, outlining the discovery time frame and deadlines the parties believe to be appropriate.  The Court does not believe that an evidentiary hearing will be necessary for disposition of the jurisdictional issue, and therefore will deny that portion of plaintiff's motion.  The parties will instead be able to inform the Court of any new information by submitting supplemental memoranda following discovery.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request [#34] to conduct limited discovery and for an evidentiary hearing is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the parties shall confer and submit a joint jurisdictional discovery plan to the Court not later than **January 15, 2007.**

```
                                _____
                                CAROL E. JACKSON
                                UNITED STATES DISTRICT JUDGE
```

Dated this 3rd day of January, 2007.