UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV01296 ERW |
| ) | |
| FIRST PREFERENCE MORTGAGE ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Mann's Motion for More Definite Statement [doc. #98]. A hearing was held on December 7, 2007, and the Court heard arguments from the parties on the Motion.

Pursuant to Fed. R. Civ. P. 12(e), Defendant Mann requests that the Court order Plaintiff to provide a more definite statement of his claim. Defendant Mann contends that Plaintiff's Complaint lacks sufficient specificity with respect to:

1. Paragraph 11 of Plaintiff's Complaint, which states that Defendant Mann is liable for First Preference's Torts. Defendant Mann asks what those torts are and why he is liable for them.

2. Paragraph 53 of Plaintiff's Complaint, which states that Defendant Mann did not observe the formal legal distinctions between First Preference and Citizens. Defendant Mann seeks the identification of the legal distinctions that he failed to observe.

3. Whether Plaintiff is asserting a claim of fraud or breach of contract against him personally. If so, Defendant Mann requests that the Court order Plaintiff to provide the facts on which such claim is based.

Under the language of the Rules, a more definite statement is only required where a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

responsive pleading." Fed. R. Civ. P. 12(e).[1] Upon the Court's examination of Plaintiff's Complaint, the Court finds that it is not vague or ambiguous such that Defendant Mann cannot reasonably be required to frame a responsive pleading. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint has satisfied the language of Fed. R. Civ. P. 12(e).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mann's Motion for More Definite Statement [doc. #98] is **DENIED.**

Dated this 10th day of December, 2007.

                                                              */s/ E. Richard Webber*
                                                            E. RICHARD WEBBER
                                                            UNITED STATES DISTRICT JUDGE

---

[1] Defendant Mann asks the Court to apply the standard for motions under Rule 12(b)(6) that was enumerated in *Bell Atlantic Corp. v. Twombly* to motions for a more definite statement under Rule 12(e). *See* 127 S.Ct. 1955 (2007). Under this standard, a complaint must include sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 1974. The Court is not convinced that *Bell Atlantic Corp.* should be applied to motions under Fed. R. Civ. P. 12(e), and declines to apply this heightened standard at this time.

2